## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DENISE BRAHAM, KARLA PUCKETT, DEVONNA HOBBIE, and KIMBERLY LAWTON, individually and as representatives of a class of participants and beneficiaries on behalf of the LABORATORY CORPORATION OF AMERICA HOLDINGS GROUP BENEFITS PLAN, | ) ) ) ) ) ) ) ) ) | No. 25 cv 15583<br><br>Judge Jeffrey I. Cummings |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, WILLIS TOWERS WATSON US LLC, and JOHN DOES 1–20, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Denise Braham, Karla Puckett, Devonna Hobbie, and Kimberly Lawton bring this putative class action against Laboratory Corporation of Americas Holdings ("Labcorp"), Willis Towers Watson ("Willis Towers"), and John Does 1–20 alleging that they violated the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to exercise reasonable diligence in administering Labcorp's Group Benefits Plan (the "Plan"). Before the Court is defendants' motion to transfer this lawsuit from this Court to the Middle District of North Carolina, (Dckt. #31). For the reasons discussed below, the Court grants the motion and transfers this case.

### I. LEGAL STANDARD

Pursuant to 28 U.S.C. §1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer a civil case to "any other district or division where it might have been brought." The party requesting transfer must show that: "(1) venue is

1

proper in both the transferor and the transferee courts; (2) the transfer will serve the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice." *Bd. of Tr. of the Auto. Mechs.' Local No. 701 & Indus. Welfare Fund v. Brown*, No. 12 CV 10268, 2014 WL 4057367, at *1 (N.D.Ill. Aug. 14, 2014). An analysis under Section 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness," *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964), and the court is therefore granted "sound discretion" regarding the appropriate weight to afford to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("[W]eighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude.").

## II.     BACKGROUND

The Court draws the facts set forth below from the facts pleaded in plaintiffs' complaint, (Dckt. #1), as well as from affidavits and other relevant documents presented to this Court so long as those facts are undisputed. *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F.Supp. 657 (N.D.Ill. 1983) ("In ruling upon a motion to transfer under 28 U.S.C. § 1404(a), the Court may consider only undisputed facts presented to the Court by affidavit, deposition, stipulation or other relevant documents.").

Plaintiffs Denise Braham, Karla Puckett, Devonna Hobbie, and Kimberly Lawton reside in Illinois, North Carolina, Alabama, and Texas, respectively, and are current or former employees of defendant Labcorp. (Dckt. #1 ¶¶13–16). During their employment with Labcorp, plaintiffs were participants in the Plan and voluntarily enrolled in accident, critical illness, and hospital indemnity policies. (*Id.*). Plaintiffs allege that Labcorp and Willis Towers were both fiduciaries of the Plan and that they both failed to exercise reasonable diligence in administering the Plan such that plaintiffs, and the putative class members, overpaid for their accident, critical

2

illness, and hospital indemnity insurance in the form of excessive premiums. (*Id.* at ¶¶2–4). In particular, plaintiffs allege that Labcorp failed to diligently select and monitor their voluntary benefits offerings and providers, and that Labcorp took no action to make sure that Willis Towers' commissions were reasonable. (*Id.* ¶¶107–12). Plaintiffs bring claims alleging breach of fiduciary duty, failure to monitor fiduciaries, engaging in prohibited transactions, and knowingly participating in a fiduciary breach. (*Id.* at 38–49).

Defendant Labcorp, the Plan's sponsor and administrator, is based in Burlington, North Carolina. (Dckt. #1 ¶¶17–19). Although some of its employees are located in Illinois, a plurality work from North Carolina. (Dckt. #31-3 ¶11). Defendant Willis is based in Virginia, but has employees located in both Illinois and North Carolina. (Dckt. ##1 ¶¶25–26; 31-3 ¶10; 31-4). The Willis Towers' employee tasked with overseeing Willis Towers' relationship with Labcorp is based in North Carolina. (Dckt. #31 ¶3). Nearly a fifth of all participants and beneficiaries enrolled in an accident, critical illness, and/or hospital indemnity policy at Labcorp are located in North Carolina, which is the highest concentration of any state. (Dckt. #31-3 ¶12). The Plan is governed by North Carolina law. (Dckt. #31-1 at 58).

## III.    DISCUSSION

As a threshold matter, the parties do not contest that both the transferor court (this Court) and the transferee court (the Middle District of North Carolina) are proper venues. *See Poppie v. Allied Waste Transp., Inc.*, No. 25 CV 1328, 2025 WL 2043984, at *1 (N.D.Ill. July 21, 2025) (before weighing convenience and the interests of justice, court should consider threshold question of venue).

3

**A.** **The Private Interest Factors Weigh in Favor of Transferring this Case to the Middle District of North Carolina**

When evaluating convenience, courts look to five "private" factors: "(1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties litigating in the respective forums; and (5) the convenience of the witnesses." *Bd. of Tr. of the Auto. Mechs.' Local No. 701*, No. 12 C 10268, 2014 WL 4057367, at *2 (citing *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill. 2000)). The Court addresses each factor in turn below.

**i.** **Plaintiffs' Initial Choice of Forum Slightly Weighs Against Transfer.**

Usually, a plaintiff's choice of forum receives "substantial deference." *AL & PO Corp. v. Am. Healthcare Cap., Inc.*, No. 14 C 1905, 2015 WL 738694, at *2 (N.D.Ill. Feb. 19, 2015); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (cleaned up). Based on this general rule, plaintiffs rely heavily on their choice of this District to oppose defendants' motion to transfer. Plaintiffs' choice, however, is given less deference in several circumstances, including two that are pertinent here.

First, the weight accorded to a plaintiff's choice of forum "is decreased" where another forum has a stronger relationship to the dispute. *See, e.g.*, *Jaramillo v. DineEquity, Inc.*, 664 F.Supp.2d 908, 914 (N.D.Ill. 2009); *Morton Grove Pharms, Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F.Supp.2d 1039, 1044 (N.D.Ill. 2007) ("A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events."). Such is the case here.

4

In particular, the only connection between Illinois and this dispute is the residence of one of the four putative class representatives (Braham) and the residence of some putative class members. By contrast, North Carolina has a much stronger relationship to the situs of material events. The relevant underlying business decisions about the Plan were made in North Carolina where Labcorp is headquartered, and the Willis Towers' employee tasked with overseeing the Willis Towers-Labcorp relationship is likewise located in North Carolina. (Dckt. ##31-3 and 31-4). Plaintiff's argument that Illinois has a strong relationship with the dispute based on her and some putative class members' presence in Illinois is further weakened by the fact that another putative class representative (Puckett) is located in North Carolina and nearly a fifth of all participants and beneficiaries enrolled in the relevant policies are located in North Carolina. (Dckt. #31-3). The fact that defendants have employees and/or offices in Illinois is less material, especially because plaintiff does not allege that any of defendants' Illinois-based employees or offices were involved in the key decision-making relating to their claims.

Second, several courts in this District have held that a plaintiff's choice of forum is entitled to less deference where the plaintiff seeks to represent a nationwide class. *See, e.g., Williams v. State Farm Mut. Automobile Ins. Co.*, 678 F.Supp.3d 980, 1003 (N.D.Ill. 2023) (collecting cases); *Kahn v. Target Corp.*, No. 22 C 4178, 2023 WL 2306940, at *2 (N.D.Ill. Mar. 1, 2023) ("[C]ourts greatly discount the weight given to a plaintiff's choice of forum in putative class actions, particularly when a nationwide class is alleged."); *Ratliff v. Venture Express, Inc.*, No. 17 C 7214, 2019 WL 1125820, at *10 (N.D.Ill. Mar. 12, 2019) (finding deference to the plaintiff's choice of forum "is somewhat diminished" in a putative nationwide class action).

As a putative class representative, Braham—who is located in Illinois—presumably intends to play a more active role in this litigation than the proposed absent class members. *See*

5

*AL & PO*, 2015 WL 738694, at *3.  Thus, plaintiff's choice is not irrelevant.  But there is also no indication that Braham will "play a more active role in this litigation than any other named plaintiff"—including Puckett, who is located in North Carolina—"so [her] convenience is not paramount in weighing the choice of forum."  *Williams*, 678 F.Supp.3d at 1003.

In sum: the Court gives limited deference to plaintiffs' choice of forum given that plaintiffs' claims have weak ties to Illinois; only one of the four proposed class representatives is located in Illinois; and this is a multi-state putative class action.  This factor therefore weighs slightly against transfer.

### ii.     The Situs of Material Events Strongly Favors Transfer.

The Court next considers the situs of "material events," i.e., the events "that give rise to the cause of action."  *Lee v. Love's Travel Stops & Country Stores, Inc.*, No. 15-CV-7774, 2015 WL 6742074, at *2 (N.D.Ill. Nov. 3, 2015) (citing *Aldridge v. Forest River, Inc.*, 436 F.Supp.2d 959, 961 (N.D.Ill. 2006)).  Before reaching the parties' arguments, the Court first addresses their disagreement about the relevant standard.  Plaintiffs suggest that because Braham  and the putative class members located in Illinois felt the effects of the allegedly overpriced premiums in Illinois, Illinois is the situs of material events.  (Dckt. #36 at 14) (explaining "[p]laintiffs allege that they paid excessive premiums, and those payments occurred in the districts where they reside, including this District").  Plaintiffs are incorrect.  Courts in this District find that the situs of material events is the location where defendants' corporate decision-making that gave rise to the claims occurred.  *See, e.g.*, *Rudy v. D.F. Sauffer Biscuit Co.*, 666 F.Supp.3d 706, 716 (N.D.Ill. 2023).  Based on this standard, defendants argue that this factor favors transfer because the underlying business decisions that give rise to plaintiffs' claims were made in North Carolina.  The Court agrees.

6

In *Hartford Cas. Ins. Co. v. Topsail Sportswear, Inc.*, another court in this District reasoned that, "[i]n similar cases," deference is given "to the forum where the insurance policy has been solicited, negotiated, delivered, and executed." No. 10 CV 1507, 2010 WL 2757556, at *2 (N.D.Ill. July 8, 2010) (citing *St. Paul Fire and Marine Ins. Co. v. Franklin Bank, S.S.B. and G.M. Sign.*, No. 05 C 5484, 2006 WL 1543275, at *6 (N.D.Ill. June 1, 2006)). There, the plaintiff insurer had its principal place of business in Illinois, but all material events remained in North Carolina, where the subject insurance policies were solicited and where any "decisions made in relation to (including the interpretation of) the insurance policies" remained. *Hartford Cas. Ins. Co.*, 2010 WL 2757556, at *2 (cleaned up). Similarly, here, and contrary to plaintiffs' assertions otherwise, defendants made business decisions related to the Plan in North Carolina, and the Willis Towers-Labcorp relationship was managed by a Willis Towers employee located in North Carolina. Thus, this Court finds the decision in *Hartford Cas. Ins. Co.* to be analogous and persuasive. As such, this factor strongly weighs in favor of transfer.

### iii. The Relative Ease of Access to Sources Slightly Favors Transfer.

Regarding the ease of access to sources of proof, there does not appear to be any non-digital documents located within this District. On the other hand, defendants point out that the "overwhelming majority—if not all—documents relevant to [p]laintiffs' claims will be found in North Carolina" where Labcorp is headquartered and the collective decision making took place. (Dckt. #31 at 9). Plaintiffs do not dispute defendants' assertions but argue that the Court should place little weight on the location of the documents given the ease of electronic transfer. (Dckt. #36 at 14–15). While plaintiffs are correct that where the relevant records are actually stored is less of a factor in this day and age because "documents now are easily scanned, stored, and electronically transmitted," *see Landis v. Warner Chilcott (US)*, LLC, No. 10 C 5283, 2010 WL

5373664, at *3 (N.D.Ill. Dec. 15, 2010), this does not render the location of the documents wholly irrelevant. As the Court noted in *Cline v. Prudential Ins. Co. of Am.*, No. 23 CV 15091, 2024 WL 3455089, at *2 (N.D.Ill. July 18, 2024), "[d]espite what Plaintiff believes the future of litigation holds or what the breadth of discovery will be, surely accessing documents in the state where the discovery is located is more convenient for the parties." The same is true here and this factor slightly favors transfer.

### iv. The Parties' Convenience Slightly Favors Transfer.

In evaluating convenience of the parties, courts look to "the parties' respective residence[s] and their ability to bear the expenses of litigating in a particular forum." *Body Sci. LLC v. Boston Sci. Corp.*, 846 F.Supp.2d 980, 996 (N.D.Ill. 2012).

Plaintiffs point out that Labcorp and Willis Towers are large corporations that, generally, are likely in a better position to bear the costs of traveling from North Carolina to Chicago for court proceedings. *See Preston v. Am. Honda Motor Co., Inc.*, No. 17 C 3549, 2017 WL 5001447, at *5 (N.D.Ill. Nov. 2, 2017). While this is true, "[o]ne consideration in the convenience of the parties analysis is the cost that parties must incur in making their employees available for deposition and trial." *Orthoflex, Inc. v. Thermotek, Inc.*, No. 10-CV-1875, 2010 WL 5069700, at *4 (N.D.Ill. Dec. 3, 2010). What plaintiffs' argument overlooks, however, is that plaintiffs' claims require evidence from Labcorp and Willis Towers employees, who are largely located in North Carolina.

Thus, while the Court finds that defendants will bear a burden of producing employees during discovery and making other witnesses available for trial, it also acknowledges that defendants are capable of shouldering this burden. Nevertheless, the Court finds that this factor minimally favors transfer. *Preston*, 2017 WL 5001447, at *5 (finding party convenience factor

8

weighed in favor of transfer where corporate defendant would "at least have to offer a Rule 30(b)(6) deponent along with potential additional witnesses from the company with knowledge of Honda's warranty and manufacturing decisions").[1]

### v. The Convenience of the Witnesses Weighs in Favor of Transfer.

The last private factor to consider, the convenience of the witnesses, looks at "the nature, quality, and importance of their testimony." *Harris v. Illinois*, No. 09 CV 3071, 2010 WL 145790, at *4 (N.D.Ill. Jan. 12, 2010). Defendants asserts that at least seven of their employees in North Carolina have knowledge relevant to the Plan's administration and management, as well as the relationship between Labcorp and Willis Towers. Plaintiffs respond that the Court should pay no attention to the location of these employee-witnesses because "'it is presumed that [party] witnesses will appear voluntarily.'" *Sojka v. DirectBuy, Inc.*, No. 12 CV 9809, 2014 WL 1089072, at *3 (N.D.Ill. March 18, 2014), *quoting Bullard v. Burlington N. Santa Fe Ry. Co.*, No. 07 CV 6883, 2008 WL 4104355, at *4 (N.D.Ill. Aug. 29, 2008).

The Court agrees that the inconvenience to party-employee witnesses carries less weight than the inconvenience of obtaining non-party witnesses. But plaintiffs are incorrect to the extent that they suggest that the location of party-employee witnesses is irrelevant. As defendants point out, the witnesses who can speak most directly about core liability questions concerning the management or the Plan are Labcorp's employee-witnesses, who are all located in North Carolina, as well as key Willis Towers employees located in North Carolina.

---

[1] Defendants further argue that the fact that plaintiffs contracted for accepting the laws of North Carolina demonstrates they agree that North Carolina would be convenient for the parties. (Dckt. #31 at 10). But the case they cite in support of this argument involved plaintiffs that contracted for Texas state law *and* Texas venue. *See Johnston-Legg v. Cook*, No. 23-CV-0686, 2024 WL 4333245, at *5 (N.D.Ill. Sept. 27, 2024). That is not the case here—the parties have only agreed that the claims are governed by North Carolina state law. Thus, this argument does not further weigh in favor of transfer.

Furthermore, nearly a fifth of the putative class members are located in North Carolina—almost ten times as many as in Illinois. (Dckt. #31-3). For these reasons, the Court finds that it would be more convenient for the witnesses if the Court grants defendants' motion.

Thus, on the whole, the private interest factors favor transfer.

**B.      The Public Policy Interest Factors Weigh in Favor of Transferring this Case to the Middle District of North Carolina**

To analyze the "interests of justice," courts consider public policy factors that "relate to the efficient administration of the court system," rather than "the merits of the underlying dispute." *Coffey*, 796 F.2d at 221. The applicable factors to consider are: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Lee*, 2015 WL 6742074, at \*4. The parties agree that the first factor is neutral; however, the remaining public factors favor transferring this case to the Middle District of North Carolina.

**i.      The Court's Familiarity with the Applicable Law Favors Transfer.**

When deciding whether to grant a motion to transfer, the Court must consider the respective courts' familiarity with the applicable law. The Plan is governed by North Carolina law and the Middle District of North Carolina is undisputably more familiar with North Carolina law. Plaintiff posits that "both courts are equally capable of applying either state's laws." (Dckt. #36 at 16). While true, North Carolina courts remain more familiar with interpreting their own state's laws regardless of the nature of the claims at issue. This factor weighs in favor of transfer. *Nat'l Fire Ins. Co. of Hartford v. Cont'l W. Ins. Co.*, No. 24-CV-5744, 2025 WL 2636084, at \*5 (N.D.Ill. Sept. 12, 2025) (finding a Texas court's familiarity with an agreement governed by Texas law favored transfer to the Northern District of Texas, even where the case

10

did not involve "unduly complex state law claims").

> ### ii. The Desirability of Resolving Controversies in Each Locale and the Relation of Each Community to the Occurrence at Issue Weigh in Favor of Transfer.

Finally, the relationship of each community to this dispute favors transfer. It is true, as plaintiffs assert, that at least one of the plaintiffs and some of the putative class members suffered harm in Illinois, which has an interest in resolving wrongs suffered by its residents in their dealings with citizens of other states. However, far more putative class members reside in North Carolina, where Labcorp is headquartered and the factual predicate for defendants' alleged unlawful activity took place. *See Camarena v. Vanderbilt Mortg. & Fin., Inc.*, No. 15 C 00656, 2015 WL 4036258, at *4 (N.D.Ill. July 1, 2015) ("It is Tennessee that has a real connection to this dispute, not Illinois. The case concerns the allegedly unlawful behavior of a Tennessee corporation."); *Perry v. Cable News Network, Inc¸* No. 14 C 1194, 2014 WL 4214873, at *5 (N.D.Ill. Aug. 25, 2014) ("CNN headquarters is located in Georgia, and CNN makes all pertinent decisions in Georgia."). These facts favor transfer to the Middle District of North Carolina.

In sum: while there is no doubt that this Court could resolve the issues presented in this case, the Court finds in its discretion, taking both the private and public factors together, that defendants have made a sufficient showing warranting transfer of this case to the Middle District of North Carolina.

11

## CONCLUSION

For all of the above reasons, defendants' motion to transfer, (Dckt. #31), is granted and the Clerk of the Court is directed forthwith to transfer this case to the Middle District of North Carolina.

**DATE: May 15, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**